## BON v. WATSON.

*(City Court of Brooklyn, General Term.  April 22, 1889.)*

LANDLORD AND TENANT—RENT—DEFECT IN PREMISES—ABANDONMENT.

A lessee was told when he signed the lease that water came into the cellar through the light-holes, and before entering the premises he discovered that the cellar was damp.  At times during the lease water ran into the cellar after a rain.  After the lease was renewed the floods were much more severe, and the lessee abandoned the premises.  *Held,* that Laws N. Y. 1860, c. 345, which provide that the lessee of a building, which shall without his fault be so injured as to be untenantable, shall not be liable to the lessor after such injury, and may quit the premises, only applies to injuries occurring after the tenancy began, and will not exempt the lessee from liability.

Appeal from trial term.

Action by Isidore M. Bon against George V. Watson for the rent of a house. Laws N. Y. 1860, c. 345, provides that a lessee of a building which shall, without any fault or neglect on his part, "be so injured by the elements, or by any other cause, as to be untenantable, and unfit for occupation, shall not be liable" for rent after such injury, and may thereupon quit and surrender the possession.  A verdict was directed for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Thomas H. Barrowsky,* for appellant.  *Johnson & Lamb,* for respondent.

CLEMENT, C. J.  This action was brought to recover the rent of a house on Union street, in this city, from August 1, 1887, to May 1, 1888, and the defendant, in his answer, admitted that he leased the same for one year from May 1, 1887, and alleged that he continued in possession until about August 1st, when he moved out, for the reason that such premises, without fault on his part, became untenantable on account of water entering the cellar.  A verdict was directed for the plaintiff at the trial term, and from the judgment entered thereon this appeal was taken.  The defendant took possession about May 1, 1886, under a lease, for one year, and before entering discovered the cellar was damp.  It also appears that water, at times, during the year, came in after a rain, and on two occasions men had to be employed to remove the same.  When the lease was renewed, Mr. Bon agreed verbally to keep the cellar dry; but the defendant did not set up in his answer any counter-claim, or ask for affirmative relief, relying solely on the statute of 1860, (chapter 345.) He knew that the cellar was liable to be flooded before he renewed the lease, and he also knew such fact before the first lease was made, and it may be fairly claimed that he obtained the premises at a less rent for such reason.  The floods were undoubtedly more severe in the second year than the first; but a tenant, when he takes a building with a damp cellar, with full knowledge of the fact, before the rent is agreed upon, cannot complain that the premises are not tenantable for such reason.  A landlord can lease premises with a cellar which is full of water during the entire term, and the tenant who takes the same must expect to be subject to the annoyances incident thereto.  Chapter 345 of the laws of 1860 reaches a case only where the premises are injured during the term, and has no application in the present case.  The counsel for appellant argues that the same cause of flooding did not exist during the second term as the first.  We see no proof of the cause during either year.  The defendant was told when he signed the original lease that the water came in through the "light-holes," but his experience seems to show that the cause was not detected, for everything was done to prevent water entering the cellar; and yet the efforts of the landlord in that direction accomplished nothing. It is not necessary to consider the other question whether, in any case, the law of 1860 gives a tenant the right to abandon the demised premises if the cellar is flooded during the term.  Judgment affirmed, with costs.